Kassover v Prism Ventures Partners, LLC (2019 NY Slip Op 01175)





Kassover v Prism Ventures Partners, LLC


2019 NY Slip Op 01175


Decided on February 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019

Richter, J.P., Manzanet-Daniels, Gesmer, Oing, JJ.


8428 602434/05

[*1]Ruth Kassover, etc., et al., Plaintiffs-Respondents,
v
Prism Ventures Partners, LLC, et al., Defendants, Allerand 675 Company, LLC, Intervenor-Appellant.


Kucker & Bruh, LLP, New York (Catherine A. Helwig of counsel), for appellant.
Hahn & Hessen LLP, New York (Stephen J. Grable of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about September 12, 2017, which, to the extent appealed from, granted plaintiffs' motion pursuant to CPLR 5225 to direct defendant judgment debtors to turn over all cash and personalty, unanimously affirmed, with costs.
The motion court correctly engaged in a conflict of laws analysis, as the competing mechanics of Florida's and New York's laws of priority of judgment liens would yield differing results (see Matter of Istim, Inc. v Chemical Bank , 78 NY2d 342, 348 [1991]).
The court correctly found that New York had the superior interest in having its law applied (see Schultz v Boy Scouts of Am. , 65 NY2d 189, 197 [1985]; Matter of Istim , 78 NY2d at 348-349). The New York judgment at issue arose from a dispute over the merger of a New York business, among New Yorkers subject to New York law; Florida's interest is the result of one defendant's unilateral acts in moving one of the judgment debtors and its property to Florida.
Contrary to intervenor's contention, the Full Faith and Credit Clause of the US Constitution does not require the enforcement of its Florida judgment, because the judgment has not been domesticated pursuant to New York law (see American Fid. Fire Ins. Co. v Paste-Ups Unlimited, Inc. , 368 F Supp 219, 224 [SD NY 1973]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 19, 2019
CLERK